IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No: 2:07-60 |
| ) | |
| AMERICAN BUSINESS ) | |
| CORPORATION ) | |
| f/k/a U.S. TRUCKING, INC. ) | **PLEA AGREEMENT** |

**RECEIVED**
JAN 2 4 2007
LARRY W. PROPES, CLERK
CHARLESTON, SC

### General Provisions

This PLEA AGREEMENT is made this 23rd day of January, 2007, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Rhett DeHart; the Defendant, **AMERICAN BUSINESS CORPORATION, f/k/a U.S. TRUCKING, INC. (Herein U.S. TRUCKING, INC.)**, and Defendant's Attorney, Joseph P. Griffith, Jr., Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **U.S. TRUCKING, INC.**, agrees to waive indictment and arraignment, and plead guilty to an Information charging bank fraud, in violation of Title 18, United States Code, Section 1344. In order to sustain its burden of proof as to this offense, the Government is required to prove the following: In or about July 2000, in the District of South Carolina, the Defendant (A) knowingly executed, and attempted to execute; (B) a scheme or artifice; (C) to defraud a financial institution, as defined in Title 18, United States Code, Section 20. The maximum penalty for this offense is a $1 million fine and 3 years supervised release.

2. The Attorneys for the Government agree not to prosecute the Defendant for other offenses committed in the District of South Carolina prior to the date of this agreement, which are the same or similar character as those cited herein, with the understanding by the Defendant that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such other offenses may be considered as relevant conduct pursuant to Section 1B1.3 of the United States Sentencing Commission Guidelines, FED R. CRIM. P. 8(a). The Attorneys for the Government agree not to prosecute any past, present or future officers, shareholders, agents, representatives, or employees of the Defendant for any offense which is the same or similar to those which gave rise to the Information. The Attorneys for the Government further agree not to prosecute any of the Defendant's predecessors, successors, assigns, parent, subsidiaries, or affiliates, nor any of the officers, shareholders, agents, representatives, or employees thereof, for any offense which is the same or similar to those which gave rise to the Information.

3. The Defendant agrees to pay a special assessment of $100.00 for each felony count for which it is convicted pursuant to 18 U.S.C. § 3013. This special assessment must be paid at or before the time of the guilty plea hearing.

4. The parties stipulate and agree that the Defendant will pay a $10,000 criminal fine to the United States Clerk of Court and that such fine must be paid on the date of the guilty plea hearing.

3:07-ar-99999-CRI    Date Filed 01/24/2007    Entry Number 18-3 (Court only)    Page 3 of 4

5. The Attorneys for the Government stipulate and agree that the Defendant has reached a civil settlement with the victim of the bank fraud charged in this Information and that no restitution is due in this case.

6. The parties further stipulate and agree that this Plea Agreement is filed pursuant to FED. R. CRIM. P. 11(c)(1)(C) and if such plea is accepted by the Court, the disposition agreed to herein is binding on the Court.

7. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

*1-23-07*
DATE

U.S. TRUCKING, INC., Defendant
By: Danny Pixler, Its Authorized Representative

*1-23-07*
DATE

Joseph P. Griffith, Jr.
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

-3-

3:07-ar-99999-CRI     Date Filed 01/24/2007     Entry Number 18-3 (Court only)     Page 4 of 4

_1-23-07_
DATE

BY: _[signature]_
Rhett DeHart
Assistant U. S. Attorney